## AFFIDAVIT

I, Emilie Barnett, being a duly sworn Task Force Officer (TFO) with Homeland Security Investigations (HSI), swear under the penalty of perjury, that the following statement is true and correct to the best of my knowledge and belief:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been a Task Force Officer of U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) since August of 2020. I have also been assigned as a Detective for the Internet Crimes Against Children for the Colorado Springs Police Department, and have been since October 2019. I was previously assigned (December 2017-October 2019) to the Crimes Against Children for the Colorado Springs Police Department. Within these two units, I investigated crimes involving child abuse, child sex abuse, child homicide, and child exploitation.  I am currently assigned to the Colorado Springs Internet Crimes Against Children (ICAC) Task Force in Colorado Springs, Colorado, which focuses on crimes where computers and the Internet are used in the sexual exploitation of children.  I am responsible for conducting federal and international investigations relating to crimes involving the sexual exploitation of children.  I have received basic and on-the-job training in the investigation of cases involving the sexual exploitation of children. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A.  I have received training and instruction in the field of investigation of child pornography and have had the opportunity to participate in investigations relating to the sexual exploitation of children.  As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as digital storage devices, the Internet, and printed images).

2. This affidavit is submitted in support of an application of a complaint for the arrest of Brandon Gandy (GANDY), for violating Title 18, United States Code, Sections 2251(a) and (e), production of child pornography.

3. Because this affidavit is being submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation.

4. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

### RELEVANT STATUTES

5. This investigation concerns alleged violations of 18 U.S.C. Sections 2251(a) and (e), relating to the production of child pornography.

6. 18 U.S.C. Section 2251(a) and (e) prohibits a person from employing, using, persuading, inducing, enticing or coercing a minor to engage in any sexually explicit conduct (child pornography) for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, or attempting to do so.

1

## DEFINITIONS

7.  The following definitions apply to this Affidavit.

8.  "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

9.  "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image See 18 U.S.C. § 2256(5).

10. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

11. "IP Address" means Internet Protocol address, which is a unique numeric address used by computers on the Internet.  Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

12. "Internet" means a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

13. In this affidavit, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.

## INVESTIGATION

14. The National Center for Missing and Exploited Children ("NCMEC") is an organization that, among other things, tracks missing and exploited children, and serves as a repository for information about child pornography. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a CyberTipline Report.  To make such a report, a company providing services on the Internet ("ISP") can go to an online portal that NCMEC has set up for the submission of these tips.  The ISP then can provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or user names associated with the activity, any IP address or port numbers it captured, as well as other information it may have collected in

connection with the suspected criminal activity.  Other than the incident type and incident time, the remainder of the information the ISP provides is voluntary and undertaken at the initiative of the reporting ISP.  The ISP may also upload to NCMEC any files it collected in connection with the activity.  The ISP may or may not independently view the content of the files it uploads.  NCMEC does not review the content of these uploaded files.  Using publicly available search tools, NCMEC then attempts to locate where the activity occurred based on the information the ISP provides such as IP addresses.  NCMEC then packages the information from the ISP along with any additional information it has, such as previous related Cybertips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

15. From October 30, 2018 to October 7, 2019, the Internet Service Provider Microsoft ("ISP") submitted multiple CyberTipline Reports, including CyberTipline Reports #42550212, #428439876,  #42852659, #44594548, #51564620, #54633070, #56805815, and #56849358, to NCMEC.  The incident type for each report was: Child Pornography (possession, manufacture, and distribution).

16. For each of the above-referenced reports, the ISP also uploaded one or more files in connection with the report, the content of which NCMEC did not review.  The report indicated that the ISP reviewed the contents of each of the files submitted to NCMEC.  The ISP also reported the IP address associated with each of the reports.

17. Publicly available search tools to discover that the IP addresses the ISP reported resolved to the Colorado Springs-Pueblo Metro Area.  I currently have the CyberTipline Reports and the contents of the files that the ISP provided in connection with the CyberTipline Reports.  Examples of two of the CyberTipline Reports and the information affiliated with them follow below.

18. On 10/31/2018, the Colorado Springs Police Department received Cybertip #42550212 from NCMEC. In this Cybertip, Microsoft reported that on 10-30-2018 at 06:56:37 UTC, a user uploaded the following image from Internet Protocol address (IP) 67.176.88.7:  65ea8684-bc25-4504-ab5c-6125409140ad.jpg.  I reviewed the reported image. Below is a description of image:

> 65ea8684-bc25-4504-ab5c-6125409140ad.jpg - A pubescent minor female is sitting on her buttocks, leaning up against a beige couch. She is not wearing any clothing. Her legs are spread open, exposing her vagina. Her hands are also located right above each breast. In the right hand corner there is a water mark that says "24mwxyr.luix63.ru".  The focal point of the image is the minor female's breasts and her pubic area and/or genitalia.

19. Investigators ran the IP address of 67.176.88.7 in the American Registry of Internet Numbers and found it resolved to Comcast. On 01/09/2019, a federal summons was issued to Comcast for account holder information for IP 67.176.88.7 on 10-30-2018 at 06:56:37 UTC.  On 01/11/2019, Comcast provided the request information and advised the account holder at the time of the incident was:

Subscriber name: Kathryn J Levis

Service Address: 3205 Cowhand Dr, Colorado Springs, CO 80922-3025

Telephone #: 719-424-7249

Account status: Active

20. On 10/08/2019, the Colorado Springs Police Department received Cybertip #56805815 from NCMEC. In this Cybertip, Microsoft reported that on 10-07-2019 at 11:21:08 UTC, a user uploaded two images from Internet Protocol address (IP) 2601:281:cc00:6460:f980:a0c0:6c9d:ef1c.  I reviewed the reported images. Below is a description of one of the images:

> 3117a330-757c-45cf-9b94-4a6f171e13b5.jpg - A prepubescent minor female is lying on her back and her lets are spread apart, exposing her vagina. She is wearing a white tank top and a jean skirt. The jean skirt is up towards her stomach and the prepubescent minor female has her hands on her exposed vagina and is spreading her labia apart.  The focal point of the image is the minor female's pubic area and/or genitalia.

21. Investigators ran the IP address of 2601:281:cc00:6460:f980:a0c0:6c9d:ef1c in the American Registry of Internet Numbers and found it resolved to Comcast. On 12/09/2019, a federal summons was issued to Comcast for account holder information for IP 2601:281:cc00:6460:f980:a0c0:6c9d:ef1c at 10-07-2019 at 11:21:08 UTC.  On 12/12/2019, Comcast provided the request information and advised the account holder at the time of the incident was:

> Subscriber name: Kathryn J Levis
>
> Service Address: 3205 Cowhand Dr, Colorado Springs, CO 80922-3025
>
> Telephone #: 719-424-7249
>
> Account status: Active

22. I conducted a search on the El Paso County assessor website and found the property of 3205 Cowhand Drive was last sold on 06/01/2017 and listed to "Gandy Gregory".  During the course of the investigation, I determined that Gregory Gandy is the father of Brandon Gandy.  On 02/05/2021, a utilities check was done on the residence and an active account showed for "Levis, Kathryn" and a roommate of "Gandy, Brandon M."

23. On 02/24/21, a state premises search warrant was authorized by Judge S. Burney of the 4th Judicial District of Colorado to search 3205 Cowhand Drive, Colorado Springs, CO 80922 for person(s), property or thing(s) which is designed or intended for use in committing a criminal offense, or is or has been used as a means of committing a criminal offense, or is illegal to possess, or would be material evidence in a subsequent criminal prosecution, or is a person, property or thing the seizure of which is expressly required, authorized or permitted by a statute by a statute of the State of Colorado, to include images or visual depictions of child pornography, computer/device system(s), and files on the computer/device that would be deemed contraband, such as child pornography..  The search warrant was executed on March 4, 2021.

24. Brandon GANDY was present at his residence when the search warrant was executed.  When GANDY was initially contacted, GANDY had a black LG VS995 cellular telephone in his hand.  The LG cellular telephone was recovered by law enforcement while GANDY was on the premises.

25. Brandon GANDY initially agreed to answer questions on the date of the search warrant execution.  Brandon GANDY confirmed he was born in1988, which was also confirmed on his Colorado driver's license.

GANDY stated he had lived at 3205 Cowhand Drive, Colorado Springs for approximately six years, and owned the house he was living in. GANDY confirmed during the course of the interview he had access to Minor #1.

26. The LG cellular telephone was forensically previewed by law enforcement during the course of the search warrant execution. Images were observed on the cellular telephone during the preliminary forensic examination that depict an individual, who has now been identified as Minor #1, engaged in sexually explicit conduct, as further described below.

27. On March 4, 2021, Minor #1 was forensically interviewed. Minor #1 disclosed GANDY had "stuck his wiener in mine" in GANDY's bedroom at his home. Minor #1 stated GANDY had engaged in sexual activity with her three times starting when she was 10 years old. Minor #1 disclosed that GANDY had placed his penis inside her vagina, had digitally penetrated her vagina, and had also placed his penis in her mouth. Minor #1 also stated that when this was happening, GANDY would have his phone with the flashlight on. Minor #1 stated she did not know if GANDY was taking any videos or images. Minor #1 confirmed that all sexual activity GANDY engaged in with Minor #1 had occurred at 3205 Cowhand Drive in Colorado Springs.

28. Minor #1 said GANDY told her it was a secret and not to tell anyone about what happened.

29. The forensic examination of the digital storage devices recovered during the search warrant execution is in its preliminary stages. At this time, several images have been recovered from GANDY's LG cellular telephone depicting the sexual exploitation of Minor #1. The following are descriptions of some of those images:

   a. A series of 9 images depicts Minor #1 wearing a dress. Based on the investigation, the background of the image has been identified as GANDY's bedroom at 3205 Cowhand Drive in Colorado Springs. In this series, there is one image that depicts sexually explicit conduct. Reviewed in the context of the other images taken during this time frame, the image depicts a close-up of Minor #1's genitalia. The hand of an adult white male spreads apart the labia of the minor's genitalia. There is a distinctive ring on the hand of the adult white male spreading apart the labia of the minor's genitalia. GANDY was wearing the distinctive ring when the search warrant execution at GANDY's home. During the course of the investigation, it was confirmed that GANDY was the only adult male living at the home. The focal point of the image is the minor female's pubic area and/or genitalia.

   b. A series of 11 additional images were taken in close succession to the above images. In these images, Minor #1 is initially depicted wearing underwear and a sports bra. Reviewed in the context of the other images taken during this time frame, three images depict close-ups of Minor #1's genitalia. One image depicts a close-up picture of a thumb being used to spread apart the buttocks of a minor child, such that the minor child's anus is visible. The focal point of these images is the minor female's pubic area, genitalia, and/or anus.

30. The metadata and naming structure of the images recovered at this time appear to reflect that the images depicting the sexual exploitation of Minor #1 were taken on February 9, 2020, between 18:14 and 18:33 hours. During the course of the investigation, it was determined that Minor #1 is currently 12 years old. The metadata also shows some of the images appear to have been manually renamed with file names that

bear the initials of Minor #1. The metadata also reflects that the images were taken with a phone that is the same make and model as GANDY's LG cellular telephone. Based on my review of the images associated with the Cybertip reports, it does not appear the Cybertip report images depict Minor #1.

31. During the course of the investigation, HSI Special Agents and CSPD Detectives recovered children's clothing matching the clothes worn by Minor #1 and a distinctive ring worn by Minor #1 in the sexually explicit images.  Additionally, a comforter depicted in the images was recovered from GANDY's home.

32. The above-described LG cellular telephone was not manufactured in the District of Colorado.

33. Based on my experience and training, I have learned that the Internet is a means and facility of interstate and foreign commerce.

## **CONCLUSION**

34. Based on the investigation described above, I believe that there is probable cause to believe that the defendant, Brandon GANDY, has committed violations of Title 18, United States Code, Sections 2251(a) and (e).

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

*s/ Emilie Barnett*_____
Emilie Barnett, Task Force Officer
Homeland Security Investigations

SUBSCRIBED and SWORN before me this __4th__ day of March, 2021

_____
UNITED STATES MAGISTRATE JUDGE

6