IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-mj-00035

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON GANDY,

    Defendant.

---

## ORDER OF DETENTION

---

    This matter was before the Court for preliminary and detention hearing on March 10, 2021.  Assistant United States Attorney Alicia Riewerts represented the government, and Kelly Christl represented the Defendant.  The Defendant contested detention.

    The Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of others, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 10th day of March, 2021.

                                                        By the Court:

                                                       _S/Michael E. Hegarty_____
                                                       Michael E. Hegarty
                                                       United States Magistrate Judge

United States v. Brandon Gandy
Case No. 21-mj-00035

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)  [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person, including –

   (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

1

The Court has taken judicial notice of the Court's file, the pretrial services report, and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Complaint which has issued in this case charges Defendant with a violation of 18 U.S.C. § 2251(a) and (e), Production of Child Pornography. The rebuttable presumption of detention applies.

Second, I note that in light of the waiver of preliminary hearing in this case, probable cause exists to sustain the charges identified in the Complaint which has been issued against Defendant.

Third, I find that, by clear and convincing evidence, in light of the presumption here, Defendant presents a risk to himself or others because 1) the Defendant has a recent and concerning history with use of methamphetamine; 2) Defendant has not been employed for three years, there is little information about prior employment before that, and I am concerned about the idle time that Defendant has built into his life; (3) Defendant's conduct underlying this case is egregious, appears to me to have been deliberate, calculated and planned, and yet impulsive and perhaps uncontrollable in that he harmed and put at risk the most vulnerable in our society, so much so that I believe he presents a risk to other minor children no matter what conditions I place on him; and ultimately, (4) in light of the presumption of detention, nothing presented to me appears to overcome the presumption.

As a result, after considering all of these factors, I conclude there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety others pending his further appearance for court proceedings.